# In the United States Court of Federal Claims

| | |
|---|---|
| CURTIS DISMUKES,<br><br>       *Plaintiff*,<br><br>v.<br><br>UNITED STATES,<br><br>       *Defendant*. | No. 25-153<br>(Filed: February 25, 2025) |

*Curtis Dismukes*, pro se, Edgewater Park, NJ.

*Augustus Jeffrey Golden*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge*.

      Plaintiff Curtis Dismukes, proceeding pro se, filed a Complaint in this Court on January 27, 2025. Compl., ECF No. 1.[1] Mr. Dismukes alleges two Defendants—Navy Federal Credit Union and the law firm McCabe, Weisberg, & Conway, LLC—engaged in various unlawful debt collection practices and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). He claims they failed to provide him with documents related to a mortgage agreement and attempted to foreclose on his property. Compl. at 4–5. Plaintiff asserts this conduct violated multiple federal laws. *Id.* at 5–6. Mr. Dismukes requests to proceed in forma pauperis. Mot. For Leave to Proceed in Forma Pauperis (hereinafter "IFP Mot."), ECF No. 2.

      This Court only has jurisdiction over cases against the United States. Navy Federal is not an entity of the federal government; it is a member-owned bank. And McCabe, Weisberg, & Conway, LLC is a private limited liability company. Thus, the Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction. Mr. Dismukes' Motion to Proceed in Forma Pauperis is **GRANTED**.

## I.  Background

      According to the Complaint, in 2019 Plaintiff entered into a mortgage agreement with Navy Federal for the purchase of property located in Edgewater Park, New Jersey. Compl. at 4. Mr. Dismukes asserts he made several formal requests to Navy Federal for documents related to the mortgage that went unanswered. *Id.* at 4–5. Plaintiff also alleges Navy Federal and the law firm have repeatedly attempted to foreclose on the property. *Id.* Plaintiff asserts that Navy Federal is attempting

---

[1] Page numbers for the Complaint refer to the ECF-assigned numbers.

to collect a debt based on fraudulent contracts. *Id.* at 8. He contends he never received any funds from Navy Federal and argues Navy Federal has no legal standing to collect the debt. *Id.* at 9.

Mr. Dismukes' Complaint alleges violations of RICO (18 U.S.C. §§ 1962–1968), the Fair Debt Collection Practices Act (15 U.S.C. § 1692), the Fair Credit Reporting Act (15 U.S.C. §§ 1681c–1681d), the Truth in Lending Act (15 U.S.C. § 1601), and Section Five of the Securities Act of 1933 (15 U.S.C. § 77e). *Id.* at 5–6. Plaintiff also alleges Navy Federal and McCabe, Weisberg, & Conway, LLC committed tax evasion and violated the Internal Revenue Code. *Id.*

## II.   Subject Matter Jurisdiction

When a plaintiff proceeds pro se, courts must liberally construe her complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quotation omitted). But while a pro se plaintiff's pleadings are construed liberally, she still bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citations omitted).

Under the Tucker Act, the United States Court of Federal Claims has the authority to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). The Court may examine on its own whether subject matter jurisdiction exists. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); Rule 12(h)(3) of the Rules of the Court of Federal Claims (hereinafter "RCFC"). "If the court determines . . . that it lacks subject matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

This Court lacks jurisdiction to adjudicate claims against parties other than the United States. *Curry*, 787 F. App'x at 722 (citing 28 U.S.C. § 1491(a)(1)). Merely naming the United States as a defendant in a "complaint is insufficient to establish this Court's subject-matter jurisdiction." *Gardner v. United States*, No. 25-81, 2025 WL 315313, at *2 (Fed. Cl. Jan. 28, 2025) (citing *Garner v. United States*, 85 Fed. Cl. 756, 773 (2009)). Neither Navy Federal nor the law firm McCabe, Weisberg, & Conway, LLC are a part of the United States government. Therefore, this Court lacks jurisdiction to hear Plaintiff's claims and must dismiss this Complaint under Rule 12(h)(3).

## III.   Transfer

Since this Court lacks jurisdiction, it next considers whether Plaintiff's action should be transferred to another court. Transfer may be appropriate if another court has jurisdiction and transfer is in the interest of justice. *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012) (citing 28 U.S.C. § 1631).

The decision to transfer "rests within the sound discretion of the transferor court." *Martin v. United States*, 169 Fed. Cl. 342, 346 (2024) (quoting *Spencer v. United States*, 98 Fed. Cl. 349, 359 (2011)). Actions must be transferred to a court where "the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. A civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). And to be "in the interest of justice," a complaint should be "nonfrivolous" and must state a plausible claim. *Martin*, 169 Fed. Cl. at 345 (quoting *Galloway Farms, Inc. v. United States*, 834 F.2d 998,

1000 (Fed. Cir. 1987)); *Kahn v. United States*, No. 18-609C, 2018 U.S. Claims LEXIS 823, at *5 (Fed. Cl. July 12, 2018) (finding transfer for RICO claims was not in the interest of justice because plaintiff did not support her claims with plausible evidence).

Pro se complaints are construed liberally. *Erickson*, 551 U.S. at 94. However, "[a] complainant must plead facts sufficient to show that a claim has 'substantive plausibility'" and "[t]hat plausibility must be found on the face of the complaint." *McKenzie v. Navy Fed. Credit Union*, No. CV 24-546-CFC, 2024 WL 5154500, at *2 (D. Del. Dec. 18, 2024) (citation omitted) (explaining how a pro se litigant did not plead sufficient facts for Truth in Lending Act and Fair Debt Collection Practices Act claims). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted).

When a plaintiff "essentially repeats statutory language, invokes legal terms, and asserts somewhat disjointed and confusing allegations against" a defendant, courts are left with "conclusions and no facts." *McKenzie*, 2024 WL 5154500, at *3 (citation omitted). Here, Mr. Dismukes has not provided enough information for the Court to find transfer of his claims is in the interest of justice. His Complaint does not allege sufficient facts such that it can be decided on the merits. *See Radziewicz v. United States*, 167 Fed. Cl. 62, 69 (2023) (citing *Galloway Farms*, 834 F.2d at 1000). He has alleged that Navy Federal and the law firm have violated the law without providing sufficient factual basis for these claims. *See Iqbal*, 556 U.S. at 679 (citation omitted).

**IV.    In Forma Pauperis**

Plaintiff requests to litigate his claims in this Court without paying the required filing fee. IFP Mot. Under 28 U.S.C. § 1915(a)(1), a plaintiff may proceed in forma pauperis when she cannot pay a court's filing fees. The court may grant an in forma pauperis motion "whenever it determines, based on the financial information submitted, that the plaintiff is unable to pay the requisite filing fee." *Okoro v. United States,* 169 Fed. Cl. 462, 465 (2024). "The threshold to establish the need to proceed in forma pauperis is not high." *Id.*

Mr. Dismukes' application shows that he could not pay the filing fees without undue hardship. He reports he has not been employed since May 2022, and he relies on public assistance. IFP Mot. 1–2. Based on this information, the Court grants Plaintiff's request to proceed without paying the required filing fee. s

**V.    Conclusion**

For the reasons above, Plaintiff's Motion to Proceed in Forma Pauperis is **GRANTED**, ECF No. 2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice**. The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge
